PUJALS *v.* CARLO.

APPEAL from the District Court of Mayagüez.

No. 118.—Decided November 21, 1904.

DIVORCE—IMPOTENCE.—When an action for divorce is based upon the absolute, perpetual and incurable impotence of one of the spouses, occurring after the marriage, such impotence must be fully proved.


STATEMENT OF THE CASE.

This is a declaratory action for divorce prosecuted in the former District Court of Mayagüez by Eleuterio Pujals y Quiñones, a clerk domiciled in said city, plaintiff, represented at first by Attorney Antonio Manrique de Lara and afterwards by Attorneys Ignacio Hidalgo and Herminio Díaz Navarro, the latter being appointed by the court to represent

said plaintiff before this Supreme Court, against María Carlo
y Ramírez, domiciled in San Germán, defendant, represented
in the court of first instance by Attorney Miguel Juan y
Llaneras, who did not. appear before this Supreme Court.
The case is pending before us on an appeal taken by counsel
for the plaintiff from the judgment rendered by aforesaid
District Court of Mayagüez, which reads as follows:

"José Eleuterio Pujals contracted a religious marriage with María
Carlo, in the city of San Germán, on October 30, 1883.

"Said Eleuterio Pujals y Quiñones brought an action against María
Carlo y Ramírez, setting forth that a year after their marriage his
wife was seized with a terrible malady, which confined her to her bed
and from which she has not been able to recover. She was deprived
of power to move, and it is now some years since she had become
absolutely and incurably impotent and unable to perform the ma-
trimonial functions. Pujals had patiently endured this illness in
the hope that she would recover her health, but instead of this, the
malady was aggravated until it gave rise to the present complaint,
after instituting proceedings to avoid litigation, as prescribed by law.
He alleged that a divorce can be decreed, among other causes, for
absolute and incurable physical impotence, occurring after marriage,
according to section 19 of the Civil Marriage Law, and that by the
Foraker Act all the rights of said civil law were made applicable to
parties contracting religious marriage, which is also confirmed by the
code in force. He closed praying that the divorce prayed for by
Eleuterio Pujals y Quiñones from his wife be granted, with all the
other provisions necessary for the effectiveness thereof.

"The complaint being admitted, María Carlo y Ramírez and the
district attorney were cited. The former, in her answer, alleged that
the ground of the complaint was of no value, for although it was true
that María Carlo y Ramírez, a year after her marriage had contracted
articular rheumatism, which prevented the exercise of some bodily
functions, this, however, did' not deprive her of her generative organs,
nor has it incapacitated her for the exercise of matrimonial functions;
wherefore she prayed that the complaint be dismisssed, with such
other pronouncements as might in justice be proper.

"A day being set for the appearance of the parties, both proposed
the testimony of expert witnesses. They were then cited for an oral
hearing, at which appeared as expert Dr. Eurípedes López, accepted

by both litigants, who declared at the trial that María Carlo y Ramírez was not incapacitated for carnal copulation.

"All the provisions of law have been complied with in the conduct of this case.

"Judge James A. Erwin prepared the opinion of the court.

"Absolute, perpetual and incurable impotence, occurring after marriage, has not been proved in these proceedings.

"In view of the sixth cause for divorce, mentioned under section 164 of the Civil Code, and section 63 of General Orders, No. 118, series of 1899, we adjudge that we should dismiss, and do dismiss, the action for divorce instituted by Eleuterio Pujals y Quiñones against María Carlo y Ramírez, and accordingly absolve her therefrom, with costs against Eleuterio Pujals y Quiñones. So by this our judgment we pronounce, order and sign.—Arturo Aponte, J. A. Erwin, Enrique González Darder.''

From the foregoing judgment counsel for the plaintiff, Eleuterio Pujals y Quiñones, took an appeal, which was allowed, both for stay of proceedings and for review. The record being forwarded to this Supreme Court after citation of the parties, the appeal was conducted under the proper procedure, and a day was set for the hearing, at which appeared the attorney for appellant, Herminio Díaz Navarro, and the *fiscal* of this court, who opposed the appeal.

*Mr. Díaz Navarro,* for appellant.

*Mr. Rossy, Fiscal,* for the People.

The respondent did not appear.

MR. CHIEF JUSTICE QUIÑONES, after making the foregoing statement of facts, delivered the opinion of the court.

The findings of fact and conclusions of law contained in the judgment appealed from are accepted.

We adjudge that we should affirm, and do affirm, the aforesaid judgment, with costs against the appellant.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.